UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:22-cr-282 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge Amanda M. Knapp |
| | ) | |
| JACK KRONIS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**OPINION AND ORDER**

On August 5, 2025, the Court held a restitution hearing in the following related cases: *United States v. Kronis*, No. 1:22-cr-282; *United States v. Palazzolo*, No. 1:22-cr-369; *United States v. Gagliardini*, No. 1:22-cr-370; *United States v. Shumak*, No. 1:22-cr-371; and *United States v. Rosenberg*, No. 1:22-cr-683-2. At the hearing, Defendant Jack Kronis and the United States contested the amount of restitution owed. The Court heard testimony from Special Agent Paul Cruz as to the amount of restitution.

As provided in the chart in the presentence investigation report, the total restitution amount allocated to Mr. Kronis is $8,712,838.36. (ECF No. 28, PageID #605-07.) The chart incorrectly lists the total amount as $8,950,122.00. (*Id.*, PageID #607.) At the hearing, both parties agreed that the chart correctly totals to $8,712,838.36, but parties remained divided as to the correct restitution amount for Mr. Kronis. Specifically, he maintains that he can only identify $741,935.75 in

restitution for those who filed a victim impact statement making a claim for a specific amount of restitution.

Under 18 U.S.C. §§ 3663A and 3664, restitution is due in this case. Pursuant to Section 3664(f)(1)(A), "the court shall order restitution to each victim in the full amount of each victim's losses." The United States bears the burden of demonstrating each defendant's respective amount of restitution by a preponderance of the evidence. 18 U.S.C. § 3664(e); *United States v. Vandeberg*, 201 F.3d 805, 814 (6th Cir. 2000).

Here, the United States presented the testimony of Special Agent Paul Cruz. He explained that, by relying on business documents, bank records, loss amounts, he was able to calculate and verify the total sustained by the victims in this case and due as restitution. The Court finds that the United States has carried its burden of establishing the total amount of restitution due and owing is $8,712,838.36. *See United States v. Rodgers*, No. 3:17-CR-0016-GFVT, 2020 WL 4495462, at *3 (E.D. Ky. Aug. 4, 2020) (collecting cases); *United States v. Shuklin*, 748 F. Supp. 3d 534, 544 (S.D. Ohio 2024) (collecting cases); *United States v. Davis*, No. CRIM. 13-44-GFVT, 2015 WL 2154245, at *3 (E.D. Ky. May 7, 2015) (collecting cases).

In doing so, the Court makes two observations. First, the statute does not require that a victim come forward and complete a victim impact statement or otherwise make a formal claim for restitution. To the contrary, it relieves a crime victim of any obligation "to participate in any phase of a restitution order." 18 U.S.C. § 3664(g)(1). Second, in the plea agreement, the United States and Mr. Kronis agreed that the loss amount for purposes of the Sentencing Guidelines was between $1.5

million and $3.5 million. But the guideline loss amount and restitution are two different things, which fulfill different functions. *See, e.g., United States v. Dadyan*, 76 F.4th 955, 959 (9th Cir. 2023) ("There is no categorical rule that restitution must be equal to or less than the amount of loss found when applying Sentencing Guidelines §2B1.1(b)(1) or similar loss-based Guidelines sections."); *United States v. Certified Env't Serv.*, 753 F.3d 72, 102–03 (2d Cir. 2014) (reversing where the district court conflated restitution and the guideline loss amount and explaining the differences between the two).

For these reasons, the Court orders Defendant to pay restitution in the amount of $8,712,838.36, joint and several with the other co-conspirators who have been sentenced.

**SO ORDERED.**

Dated: August 25, 2025

J. Philip Calabrese
United States District Judge
Northern District of Ohio

3